Avalon Investment Corporation v. Commissioner.
Avalon Inv. Corp. v. Commissioner
Docket No. 104597.
United States Tax Court
1943 Tax Ct. Memo LEXIS 320; 2 T.C.M. (CCH) 207; T.C.M. (RIA) 43271; May 5, 1943
*320 John G. Ketterer, Esq., First Nat'l Bldg., Canton, O., and H. A. Mihills, C.P.A., 917 Munsey Bldg., Washington, D.C., for the petitioner. Thomas F. Callahan, Esq., for the respondent. SMITH Memorandum Sur Decision SMITH, Judge: In their respective computations for entry of decision both parties are in agreement that there are no deficiencies in income tax and personal holding company surtax for 1936 but that there aredeficiencies in excess profits tax and personal holding company surtax for 1937 in the respective amounts of $193.33 and $1,965.28, respectively. The petitioner contends that the correct income tax deficiency for 1937 is $233.64; the respondent that it is $2,694.96. The difference of $2,461.32 represents the tax upon undistributed net income at seven percent on $35,161.70 of income. Both parties are in agreement that the adjusted net income for 1937 is $499,271.46. The respondent contends that the dividends paid credit to which the petitioner is entitled for 1937 is $464,109.76 which it is stipulated was the net profits and earnings of the petitioner for 1937. Both parties are in agreement that the petitioner actually distributed to its sole stockholder in 1937 $523,370. *321 The respondent allows a dividends paid credit of this amount in his determination of the amount of the undistributed adjusted net income upon which the deficiency of $1,965.28 surtax on personal holding company is found. He contends, however, that the dividends paid credit for the purpose of determining the surtax on undistributed profits is only $464,109.76, the stipulated net profits and earnings of the petitioner for 1937. The petitioner contends that since it paid dividends in 1937 of $523,370, and since the consent required by section 186 (g) has been filed with the Commissioner whereby the petitioner's stockholder consents to taxation of this amount as dividends received by her in 1937, it is entitled under section 186 of the Revenue Act of 1942 to a dividends paid credit for the purpose of computing the surtax on undistributed profits of $523,370. The respondent submits: * * * that 186 [Revenue Act of 1942] amends the Act merely for the purpose of the credit for Personal Holding Company surtax and that the tax, the normal tax and the tax on undistributed profits is under Title I, whereas, the Personal Holding Company tax is under Title (I) (a) and it is an entirely different *322 tax. Therefore, it was not the intent of Congress, in enacting 186, to affect the undistributed profits surtax. The petitioner submits, however, that if the respondent's contention upon this point has merit it nevertheless is entitled under section 501 (f) of the Revenue Act of 1942 to a deficit credit; and that if allowed such deficit credit, then it has no liability to surtax on undistributed profits. Respondent's counsel, referring to such contention, stated at the hearing: "It appears that there is considerable merit to their claim under that section." Section 501 is captioned: (a) Amendment To the Revenue Act of 1936. and provides in part: (3) Section 26 of the Revenue Act of 1936 (relating to credits of corporations) is amended by adding at the end thereof the following new subsections: (f) Deficit Credit. - The amount by which the adjusted net income exceeds the sum of (1) the earnings and profits accumulated after February 28, 1913. as of the beginning of the taxable year, and (2) the earnings and profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year). For the purposes *323 of this subsection, earnings and profits of the taxable year shall be computed without diminution by the amount of the tax imposed under section 14, 102, 103, or 351 for such taxable year; and earnings and profits accumulated after February 28, 1913, as of the beginning of the taxable year, shall be diminished on account of the tax under section 14, 102, 103, or 351 for any previous taxable year only by the amount of such tax as computed under the amendments made by section 501 of the Revenue Act of 1942. * * * * *
(b) Effective Date of Amendments. - The amendments made by subsection (a) shall be effective as of the date of the enactment of the Revenue Act of 1936. We think it clear that the petitioner is entitled to a deficit credit pursuant to the provisions of section 501 (f) of the Revenue Act of 1942. It is impossible, however, to determine whether the amount of this deficit credit takes up the entire difference between the stipulated adjusted net income of $499,271.46 and the stipulated earnings and profits of the petitioner for 1937 of $464,109.76. We are of the opinion, however, that in any event the petitioner is entitled to the benefit of a dividends paid credit of $523,370, *324 the actual amount of dividends paid to its sole stockholder in 1937. We do not think that there is any merit in the respondent's contention that the amendatory provisions of section 186 of the Revenue Act of 1942 apply only to the credit for personal holding company surtax. It seems to us incongruous to argue that the petitioner has a liability for undistributed profits tax when the stipulated facts show that the dividends paid by the petitioner in 1937 were in excess of its adjusted net income for that year.